UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAM ABSHER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of the Social Security Administration,<br><br>　　　　Defendant. | Case No. C09-517-RAJ<br><br>ORDER REMANDING CASE |

　　　　The court has reviewed the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge, the Commissioner's objection to the R&R, the administrative record ("AR"), the Plaintiff's response to the objection, and the balance of the docket in this case. Based on that review, the court ADOPTS the R&R, REVERSES the final decision of the Administrative Law Judge ("ALJ"), and REMANDS this case to the Social Security Administration for further proceedings not inconsistent with this order and the R&R.

　　　　Plaintiff claims to be disabled by a combination of arthritis (or related joint conditions) and depression. The ALJ ultimately rejected his claims of depression or other mental limitations as incredible, and determined that he had only relatively mild physical limitations

ORDER REMANDING CASE
PAGE - 1

as a result of his arthritis. The ALJ concluded that those limitations did not prevent him from working, and thus denied his claim for disability benefits.

The R&R focused on the ALJ's rejection of Plaintiff's testimony that his depression was at least in part the result of his exposure to violence in the civil war in Somalia. The ALJ did not believe this testimony, stating her disbelief in strong terms in her written disposition of Plaintiff's claim:

> The claimant's testimony at the hearing, to be blunt, lacked any believability, was inconsistent with other statements, and at times, was ridiculous. The claimant's harrowing tales about his experiences during the Somali war would be compelling if he had been in Somalia during the time of the war to have actually experienced it. While his stories mirror the accounts found in novels and articles on the atrocities of the Somali civil war, his stories are just that. The overwhelming evidence is that the claimant left Somalia before the civil war broke out in 1991. Prior to 1991, fighting existed but was isolated between government troops and guerrillas.

AR 15-16. The court wholly concurs with the R&R's conclusion that the "overwhelming evidence" the ALJ alluded to is missing from the administrative record. There is conflicting evidence as to when Plaintiff left Somalia. Even assuming, however, that he left as early as 1989 (a conclusion that the record by no means mandates), there is no competent evidence in the record that he was not exposed to atrocities prior to leaving. The court has no idea what the source of the ALJ's certitude as to the timeline of civil war in Somalia, but even the ALJ's version of events admits that there was systemic violence in Somalia prior to 1991. The only other mention of the war's timeline in the record comes from Dr. Gerald Peterson, a psychologist who examined Plaintiff at the Commissioner's request. Dr. Peterson stated, without revealing his basis, that the Somali civil war did not begin until 1991. AR 392. The unattributed beliefs of an ALJ and a psychologist as to the progress of a war in Africa are no basis for determining that Plaintiff is a liar.

The ALJ believed that Plaintiff was lying outright regarding his war experiences. This led her to reject his claim of mental impairment entirely. The record provides little support for

ORDER REMANDING CASE
PAGE - 2

disbelieving his claims about exposure to war violence, but it provides ample support for the proposition that Plaintiff consistently reported serious limits on his functioning as the result of debilitating depression. The record reflects that as early as November 2005, he attributed this to violence he witnessed in Somalia. AR 395, 309. He continued to report similar concerns to health care providers long before the Commissioner initially denied his claim for benefits. AR 131, 361 (Feb. 2006); AR 304, 359, 394 (Mar. 2006); AR 305, 319, 358 (Apr. 2006); AR 357 (May 2006); AR 355 (Jun. 2006). There are inconsistencies in the record, to be sure, but the ALJ scarcely addressed them. The "bizarre" and "ridiculous" hearing testimony the ALJ chided Plaintiff for (AR 15, 18) is at least as consistent with a person suffering from serious mental health issues as it is with a deliberate attempt to mislead the ALJ. The ALJ lacked an adequate basis to wholly reject Plaintiff's claim of functional limitations as a result of depression.

The remedy that the R&R proposes is to conduct new proceedings before a different ALJ. Given the ALJ's stark assessment that Plaintiff is a liar, the court agrees that an assessment by a new decisionmaker is appropriate on remand. Nothing in this order should be construed to suggest that a particular outcome is warranted on remand. The court concludes only that the ALJ's stated bases for finding Plaintiff incredible were insufficient, and that the credibility finding tainted virtually all of the ALJ's conclusions.

The Clerk of the Court is directed to send copies of this Order to the parties and to Judge Donohue.

DATED this 16th day of April, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER REMANDING CASE
PAGE - 3